# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **RAMON CASTRO d/b/a MI CONJUNTO PUBLISHING and RC ENTERTAINMENT, INC.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**HUMBERTO NIEVES p/k/a TITO NIEVES, LOUD AND LIVE, INC., LOUD AND LIVE ENTERTAINMENT, INC. and DOES 1-10,**<br><br>Defendants. | **Case No:**<br><br>**COMPLAINT FOR:**<br><br>1. **DIRECT COPYRIGHT INFRINGEMENT**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT**<br>4. **FALSE AFFILIATION OR CONNECTION UNDER SECTION 43(a) OF THE LANHAM ACT**<br>5. **VIOLATION OF THE RIGHT OF PRIVACY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs RAMON CASTRO d/b/a MI CONJUNTO PUBLISHING and RC ENTERTAINMENT, INC. (jointly "Plaintiffs") by and through their undersigned attorneys, bring this complaint against HUMBERTO NIEVES p/k/a TITO NIEVES, LOUD AND LIVE, INC., and LOUD AND LIVE ENTERTAINMENT, INC. (collectively "Defendants") upon knowledge and belief as to themselves and as to all other matters upon information and belief of their undersigned attorneys. With respect to facts alleged herein on information and belief, Plaintiffs and their undersigned attorneys are informed and believe that those facts are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, because, among other reasons, evidence to support those facts is exclusively in Defendants' possession.

## NATURE OF THE ACTION

1.  This is an action for copyright infringement in connection with the United States terms of copyright in the musical composition "Señora Ley" and artwork containing a photograph of the musical group Conjunto Clasico depicting, in part, Nieves. Both have been registered with the United States Copyright Office. Señora Ley has been synchronized in videos and derivative works of the Photograph have been created and both have been exploited by or at the direction of the Defendants to promote and advertise musical performances and the persona of Nieves.

2. This action also seeks (a) injunctive relief and compensatory damages for false affiliation or connection under Section 43 (a) of the Federal Lanham Act (15 U.S.C. § 1125 (a)); and (b) injunctive relief, compensatory damages and exemplary damages for the violation of Castro's right of privacy under New York Civil Rights Law §§ 50 and 51. Defendants have been using as a backdrop to public performances of Nieves at concert venues a video of a musical performance depicting the performance of Castro and the remainder of the musical group Conjunto Clasico (the "Conjunto Clasico Video") without Plaintiff's authorization or consent. Such use falsely implies that Nieves' musical performances are a continuation of Conjunto Classico and that Castro endorses Nieves' performances as a continuation of Conjunto Clasico.

## THE PARTIES

3. Plaintiff Ramon Castro ("Castro") is a resident of the state of New York, County of Bronx. Castro does business as and has designated as his publishing designee Mi Conjunto Publishing.

4. Castro is a founder, directs, and leads the musical group Conjunto Clasico. He is a performer and writer of musical compositions performed by Conjunto Clasico. Conjunto Clasico released multiple albums of salsa music from the late 1970's onwards. Its music has been performed and is well known worldwide, particularly in Spanish-speaking communities of the United States, in

the Caribbean, and in South and Central America. Castro's role with Conjunto Clasico is so well-known that that his persona, name and image is identified as synonymous with "Conjunto Clasico".

5. Plaintiff RC Entertainment, Inc. ("RC Entertainment") is incorporated in the state of New York with its principal place of business in the state of New York, County of Bronx.

6. Defendant Umberto Nieves ("Nieves") is musical performer performing under the name Tito Nieves who upon information and belief resides in Orlando, Florida. Nieves was a singer with Conjunto Clasico from approximately 1977 to 1986.

7. Defendant Loud and Live, Inc. ("Loud and Live") is incorporated in the state of Florida, having its principal place of business in Miami, Florida.

8. Defendant Loud and Live Entertainment, Inc. ("Loud and Live Entertainment") is incorporated in the state of Florida, having its principal place of business in Miami, Florida.

9. Upon information and belief, Loud and Live and/or Loud and Live Entertainment are the exclusive representatives worldwide for Nieves booking, arranging, promoting and advertising all of his musical performances, concerts and presentations worldwide,

10. Defendants Does 1 through 10 are sued herein by fictitious names for

4

the reason that their true names are unknown to Plaintiffs. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained. Plaintiffs are informed and believe and based thereon alleges that these fictitiously named Defendants are responsible in some manner for the actions and damages alleged herein.

11. Plaintiffs are further informed and believe and based thereon allege that Defendants at all times herein alleged were the agents, employees, servants, joint venturers and/or co-conspirators of each of the other remaining Defendants, and that in doing the things herein alleged were acting in the course and scope of such agency, employment, joint venture and/or conspiracy.

## JURISDICTION AND VENUE

12. Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), the Federal Lanham Act (15 U.S.C. § 1125 (a)), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over Nieves as he resides in the state of Florida. It has personal jurisdiction over Loud and Live and Loud and Live Entertainment as each is incorporated in and maintains its principal place of business in the state of Florida.

14. Venue is appropriate under 28 U.S.C. §§ 1391 (b)(1) because Nieves resides within this District and Loud and Live and Loud and Live Entertainment both maintain their principal places of business in the state of Florida.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15. Castro through his publishing designee Mi Conjunto Publishing holds the copyrights in the musical compositions and sound recordings of the musical group Conjunto Clasico. Castro, through Mi Conjunto Publishing, owns the copyrights in the musical composition and sound recording of the song "Señora Ley". The copyright was registered with the U.S. Copyright Office under Registration Number PA282540 by Castro's predecessor, Lo Mejor Records, Inc., as part of the album *Conjunto Clasico Llego La Ley*. Lo Mejor Records assigned the copyright to Mi Conjunto Publishing by assignment dated April 6, 1998 registered with the U.S. Copyright Office under Document Number V3414D341.

16. RC Entertainment holds the copyright in the artwork of the Conjunto Clasico album, *Conjunto Clasico, Cantando Tito Nieves*, registered with the U.S. Copyright Office under registration number VA0002425907. The artwork includes in part a photograph depicting Castro, Nieves, and Ramon Rodriguez (the "Photograph").

17. Defendants dedicate substantial effort to Nieves' social media presence. Nieves has accounts on Facebook, Instagram, X (formerly Twitter),

YouTube, TikTok, and Snapchat. Defendants through social media seek to engage Nieves' fanbase, and promote and advertise his concerts, musical appearances and presentations.

18. Within the last three years, Plaintiffs learned that Defendants had been exploiting the musical composition of Señora Ley by synchronizing it with videos depicting musical performances of Nieves (the "Videos") and using derivative works of the Photograph (the "Infringing Photographs") to promote Defendants' commercial activities. Defendants did not obtain Plaintiffs' license, authorization, or consent to synchronize Señora Ley with the Videos or to create and disseminate the Infringing Photographs.

19. RC Entertainment through its attorney sent a letter dated February 5, 2024 to Loud and Live informing it that Loud and Live and Nieves were using musical compositions, including Señora Ley, in the promotion and advertisement of Nieves' concert tour at multiple venues in the United States and abroad without the proper authorization or license. RC Entertainment advised Loud and Live that such use constituted copyright infringement. Loud and Live ignored the letter and failed to respond. Loud and Live and Nieves continued to use the musical composition of Señora Ley without license or authorization.

**FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against All Defendants)**

20. Plaintiffs hereby incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

21. Without the authorization, license, or consent of Castro/Mi Conjunto Publishing, Defendants reproduced, distributed, and/or publicly performed Señora Ley as part of the Videos, some of which are set forth below, thereby infringing Plaintiff's exclusive right of copyright to Señora Ley under the Copyright Act, 17 U.S.C. §§ 106, 501.

https://youtu.be/ikcrUwfAVbE?si=01g7MFGYswIrgKf5

https://www.youtube.com/watch?app=desktop&v=8GRD1yiGhjs

https://www.youtube.com/watch?v=nk53HfXIvss

https://youtu.be/RuKqJheg8bY?si=uRCCBmW4nm4AIw1L

https://youtu.be/rFTvttkmNqs?si=T2zaPtkpko8Unalk

https://www.youtube.com/watch?v=RuKqJheg8bY

https://www.youtube.com/watch?v=rFTvttkmNqs

22. On information and belief, Defendants have authorized the reproduction, distribution, and/or public performance of Señora Ley by synchronizing it with the Videos on social media websites.

23. Each unauthorized reproduction, distribution, and/or public performance of the Videos constitutes a separate and distinct act of copyright infringement of Señora Ley.

24. Defendants have used the Infringing Photographs to promote and advertise Nieves' musical performances and persona on social media. The Infringing Photographs utilize all or portions of the Photograph, usually with the image of Nieves included with a present image of Nieves, and sometimes depicting the three members of Conjunto Clasico including Castro. Among the social media sites used are Instagram at #50anoslahistoria and titonievesoficial, on Facebook at Titonievesoficial, on "X" (formally "Twitter") at Tito Nieves Oficial, and on TikTok at titonievesoficial.

25. Defendants' conduct has been intentional, willful and with full knowledge of Plaintiffs' copyrights and the direct infringement thereof.

26. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiffs' copyrights, Plaintiffs are entitled to recover their actual damages, including Defendants' profits from infringement, and the damages done to Castro's musical touring, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to recover up to $150,000 in statutory damages per work infringed.

27. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

28. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiffs irreparable harm for which Plaintiffs have no adequate

9

remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of Señora Ley and the Photograph and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works, including the Videos.

## SECOND CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGMENT
**(Against All Defendants)**

29. Plaintiffs hereby incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

30. Through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Videos and the Infringing Photographs, including, without limitation, by way of reproduction, distribution, and/or public performance. Specifically, by licensing or permitting the reproduction and distribution of the Infringing Photographs and Videos, and/or public performance of the Videos, Defendants induced and encouraged these websites to directly infringe Plaintiff's Copyrights.

31. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiffs' copyrights in Senora Ley and the Photograph, and the contributory infringement thereof.

32. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of

Defendants' contributory infringement of Plaintiffs' copyrights, Plaintiffs are entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C § 504(c), Plaintiffs are entitled to recover up to $150,000 in statutory damages per work infringed.

33. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

34. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued contributory infringement of Señora Ley and the Photograph and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works, including the Videos.

### THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

35. Plaintiffs hereby incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

36. Through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in

infringing distribution by third parties of the Videos and Infringing Photographs, including, without limitation, by way of reproduction, distribution, and/or public performance. Specifically, Defendants enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Videos and Infringing Photographs while having the right and ability to supervise the infringing activity yet failed to exercise that right and ability to prevent the infringing activity.

37. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiffs' copyrights in Señora Ley and the Photograph, and the contributory infringement thereof.

38. Pursuant to 17 U.S.C § 504(b), as a direct and proximate result of Defendants' vicarious infringement of Plaintiffs' copyrights, Plaintiffs are entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to recover up to $150,000 is statutory damages per work infringed.

39. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

40. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. §502 prohibiting the continued vicarious infringement of Señora Ley and the Photograph

and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

## FOURTH CAUSE OF ACTION
## FALSE AFFILIATION OR CONNECTION UNDER SECTION 43(a) OF THE LANHAM ACT
### (Against All Defendants)

41. Plaintiffs hereby incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

42. Defendants have used Castro's image depicted in the Conjunto Classico Video to support and promote the musical performances of Nieves without Plaintiffs' permission. Defendants' use of Castro's image in the Conjunto Classico Video is likely to cause confusion, to cause mistake and/or to deceive. The use of Castro's image as depicted in the Conjunto Clasico Video constitutes a false affiliation or connection between Castro and Defendants because consumers are likely to mistakenly believe that Nieves currently is affiliated or associated with Conjunto Clasico and that Castro approves of Defendants' commercial activities.

43. Defendants use of Castro's image and persona thus violates 15 U.S.C. § 1125(a).

44. As a direct and proximate result of Defendants' unlawful conduct Castro has suffered injury and damages in an amount to be proven at trial.

45. Castro is also entitled to Defendants' profits and to attorney's fees and

costs pursuant to 15 U.S.C. § 1117. This is an exceptional case under that Section because Defendants' conduct was malicious, fraudulent, deliberate and willful.

46. Castro has no adequate remedy at law to compensate him fully for the damages that Defendants have caused and will continue to cause if not enjoined. An injunction is appropriate under 15 U.S.C. § 1116.

## FIFTH CAUSE OF ACTION
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW §§ 50 AND 51
### (Against All Defendants)

47. Plaintiffs hereby incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

48. Defendants have used Castro's image depicted in the Conjunto Clasico Video as a backdrop for Nieves' musical performances at multiple concert venues occurring within the past year.

49. Such performances have been posted, at least in part, by Defendants via social media to promote and advertise Nieves' performances in musical appearances.

50. As such, the use of the Video, and Castro's image and persona, is for the purpose of trade.

51. Castro has not consented to the use of his image.

52. Defendants have knowingly used Castro's image as set forth above

53. Pursuant to N.Y. Civ. Rights Law §51 Castro is entitled to recover his

14

damages sustained by such use together with exemplary damages in amounts to be determined at trial. Castro is also entitled to an injunction prohibiting Defendants from using his image as set forth above or for any purpose for trade.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment as follows:

### On the First Claim for Direct Copyright Infringement:

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, and damages suffered by Plaintiffs, as a result of their acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of Señora Ley and the Photograph during the terms of copyright; and

3. For attorneys' fees and costs.

### On The Second Claim for Contributory Copyright Infringement:

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, and damages suffered by Plaintiffs, as a result of their acts of contributory

infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of Señora Ley and the Photograph during the terms of copyright; and

3. For attorneys' fees and costs.

**On The Third Claim for Vicarious Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, and damages suffered by Plaintiffs, as a result of their acts of vicarious infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of Señora Ley and the Photograph during the terms of copyright; and

3. For attorneys' fees and costs.

**On The Fourth Claim for False Affiliation of Connection Under Section 43(a) of the Lanham Act**

1. For an award of Defendants' profits and in Plaintiff's damages according to proof at trial; and

2. For a temporary, preliminary and permanent injunction, prohibiting the continued use of Castro's image depicted in the Conjunto Clasico Video; and

3. For attorneys' fees and costs.

### On the Fifth Claim for Violation of the New York Civil Rights Law §§ 50 and 51

1. For an award of damages sustained by the use of his image in the Conjunto Clasico Video together with exemplary damages in amounts to be turned determined at trial.

2. For a temporary, preliminary and permanent injunction, prohibiting the continued use of Castro's image depicted in the Conjunto Clasico Video; and

3. For attorneys' fees and costs.

### On All Claims For Relief:

1. For costs of suit and attorneys' fees incurred herein;

2. For prejudgment interest at the legal rate; and

3. For such other and further relief as the Court deems just and proper.

Dated: March 6, 2025

**BITMAN O'BRIEN**

By: /s/ Stephen Milbrath
**STEPHEN MILBRATH**
610 Crescent Executive Court
Lake Mary, FL 32746
Telephone: (407) 815-3110
Email: smilbrath@bitman-law.com


**ANTHONY MOTTA**

Special Admission Motion to be Filed
211 East 43rd Street, 7th Floor
New York, NY 10017
Telephone: (914) 589-5356
Email: amotta@anthonymotta.com

*Attorneys for Plaintiffs Ramon Castro and RC Entertainment, Inc.*